No. 3752

Second Circuit

(Second Division)

McNEELY v. DAVE LUMBER CO. ET AL.

(November 18, 1931. Opinion and Decree.)
(December 9, 1931. Rehearing Refused.)

R. A. Fraser and Ponder & Ponder, of Many, attorneys for plaintiff, appellee.

W. H. Scheen, of Shreveport, and Boone & Boone, of Many, attorneys for defendant, appellant.

DREW, J. Plaintiff sued the Dave Lumber Company and S. H. Bolinger & Company, Limited, for $498.22, with 5 per cent per annum interest thereon from January 1, 1928, until paid, alleging that goods, wares, and merchandise to that extent were sold and delivered to the Dave Lumber Company. He further alleged that the Dave Lumber Company has been and is now engaged in operating a sawmill in the business of manufacturing and selling lumber under an agreed arrangement with the S. H. Bolinger & Company, Limited, whereby it was to cut and manufacture and did cut and manufacture into lumber timber belonging to the S. H. Bolinger Company in Sabine parish, Louisiana, under the direction, supervision and control of the said S. H. Bolinger Company, Limited. That the goods, wares and merchandise were sold and delivered during the years 1926 and 1927, as shown by attached, itemized account. That the said S. H. Bolinger Company, Limited, through its officers, managers, agents and representatives, induced the plaintiff to sell the said goods to the Dave Lumber Company by agreeing to contract and pay for same; and that the said Bolinger & Company caused an extension of credit to the said Dave Lumber Company and themselves and caused plaintiff to sell to the said Dave Lumber Company and themselves the said goods, wares and merchandise, the same being

sold upon the good faith and credit of the said S. H. Bolinger Company, Limited.

Plaintiff further alleged that the Dave Lumber Company and S. H. Bolinger & Company, Limited, were liable jointly and in solido for the payment of said account, and prays for judgment accordingly.

Defendants filed an exception to the jurisdiction alleging that both defendants were corporations with their domicile in Caddo parish, Louisiana, which exception was overruled by the lower court, after hearing had thereon. Defendants then filed an exception of no cause of action, which was likewise overruled. Defendants answered admitting the correctness of the account sued upon, denying that the Dave Lumber Company was under the direction, supervision and control of S. H. Bolinger & Company, Limited, and alleged that S. H. Bolinger & Company, Limited had no kind of control or management thereof further than to pay for the lumber manufactured from the timber owned by it. It alleges that no goods, wares or merchandise were sold to it and, if sold to the Dave Lumber Company, it was for itself and that S. H. Bolinger & Company, Limited, had nothing to do with it.

S. H. Bolinger & Company denied that it contracted to pay for said goods, wares and merchandise through any of its officers, managers, agents or representatives, and that if any of its agents, managers or representatives did contract to pay for said goods, wares or merchandise delivered to the Dave Lumber Company, they were without authority to so do. It prayed that the demands of plaintiff be rejected.

The judgment of the lower court was in favor of plaintiff against both defendants in solido for the amount prayed for. From this judgment, Dave Lumber Company did not appeal. S. H. Bolinger & Company, Limited, did appeal asking that the judgment of the lower court be reversed.

The exception of no cause of action is not urged in this court. We do not know on what defendants base said exception. It was overruled by the lower court and we find no reason for disturbing its finding. The plea to the jurisdiction is based on the ground that both defendants are corporations with their domicile in Caddo parish, Louisiana, and therefore must be sued in a suit of this nature at their domicile. The plea to the jurisdiction was tried and disposed of before the trial on the merits. The evidence adduced thereon showed that one of defendants, Dave Lumber Company, had only one place of business, which was located in Sabine parish, and that it had never had any other place of business. That defendant Bolinger Lumber Company was operating an extensive planing mill business in Sabine parish and was selling lumber, billing and collecting for it through its office in Sabine parish, and that all of the goods, wares and merchandise, the price of which was sued for, were sold in Sabine parish.

Defendants offered a copy of the charter of the Dave Lumber Company showing its domicile to be in Caddo parish, Louisiana, but failed to show that same had ever been forwarded or filed with the secretary of state or that the Dave Lumber Company was authorized to do business as a corporation. No evidence was offered as to the defendant Bolinger Lumber Company. As the exception to the jurisdiction had to be disposed of prior to the trial on the merits, defendants should have submitted evidence, if any they had, in support of their exception at the time of said

trial. Under the pleadings and evidence offered on trial of the exception, it is clear that the exception to the jurisdiction was properly overruled. (The second clause of sec. 1, sub-sec. 5, par. d, of Act 179 of 1918).

The Dave Lumber Company had no other place of business than Sabine parish, Louisiana, and it is alleged that it and the S. H. Bolinger Lumber Company, Limited, are liable in solido. Therefore, they could have been sued in Sabine parish, even though S. H. Bolinger & Company could not have been sued there individually. (Art. 165, Code of Practice, sub-sec. 6.) The judgment of the lower court overruling the exception to the jurisdiction is correct.

## ON THE MERITS

There is no denial that the goods, the price of which is sued for herein, were delivered to the Dave Lumber Company, and the correctness of the account is admitted. There is much testimony in the record tending to show that the Dave Lumber Company was a part of the S. H. Bolinger Lumber Company, Limited, and was under its direct supervision and control. However, for the purpose of this decision, a determination of that question is not necessary. It is admitted that R. H. Sutton was the manager of S. H. Bolinger & Company, Limited's, planing mill at Many, Louisiana. He had complete charge, filed suits for the collection of bills due defendant company, purchased goods, wares and merchandise on credit for the defendant company, employed and discharged men, ran an account with plaintiff for de-. fendant company, and held himself out to the public in general as manager in control of defendant company's business in Sabine parish. That the Dave Lumber Company owned a small portable mill that acted as a feeder for defendant's planing mill; that several other little mills were doing the same; and that these little mills were cutting timber owned by the defendant company and were not allowed to sell to anyone else. That the defendant company advanced part of the money to install said mills and took out insurance to protect itself from loss by injury to employees.

Plaintiff testifies, and is not contradicted, that R. H. Sutton, representing himself as manager of defendant company, came to his place of business and introduced to him members of the Dave Lumber Company, informing him that the Dave Lumber Company was a part of S. H. Bolinger & Company, Limited, and opened an account for said Dave Lumber Company. That he requested, for the convenience of the defendant company, that the account be kept separate as he was at the time keeping the other accounts of the defendant S. H. Bolinger Lumber Company, Limited, namely: planing account, hardwood account, and several others. That he mailed this account to the defendant Bolinger & Company, in Many and Shreveport, Louisiana, monthly, for a period of eight months, and while the account was in the making and at no time did defendant company deny the account until after the Dave Lumber Company ceased operations and their equipment was taken over by defendant company and operated under its own name.

It is not denied that R. H. Sutton had the authority to make accounts with plaintiff for the defendant company, but it is denied that he had authority to make defendant company liable for the Dave Lumber Company. It is also admitted that a deposit of several hundred dollars was kept in the bank at Many and R. H. Sutton was authorized to draw on said account of defendant for necessities around

the works that required immediate attention.

Plaintiff testified that the account was made for the defendant company, S. H. Bolinger & Company, Limited, and that he would not have opened the account for the Dave Lumber Company, as he knew nothing of them, and did know of the defendant company herein. That the account was charged on the day-book to "Dave Lumber Company" and when transferred to the ledger, was charged to the defendant company by the Dave Lumber Company.

The defendant company, therefore, by their actions and dealings with its manager, Sutton, led the public in general to believe that R. H. Sutton had full authority to contract debts for it in the operation of its business in Sabine parish, and in fact he had such authority, as is shown by the evidence; and if he exceeded that authority in contracting with plaintiff for the Dave Lumber Company account, it was the duty of the defendant company to have repudiated the account as soon as same was brought to its knowledge. That it did not do, and only denied the account as its own after the Dave Lumber Company had ceased operations and it had swallowed up all of the Dave Lumber Company's assets, if they did not belong to defendant in the beginning.

In the case of Many Oil Company v. S. H. Bolinger & Company, Limited, 17 La. App. 297, 136 So. 140, a very similar case to the one before us, this court held that R. H. Sutton, manager of S. H. Bolinger & Company, Limited, did have authority to bind the defendant company.

We find no manifest error in the judgment of the lower court, and it is therefore affirmed, with costs.